**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 54**

Docket No. AT-0752-14-0682-I-1

**Wendell Terry Rogers,**

**Appellant,**

**v.**

**Department of Defense,**

**Agency.**

September 30, 2015

Wendell Terry Rogers, Huntsville, Alabama, pro se.

Dean Korsak, Esquire, and James J. Delduco, Esquire, Redstone Arsenal, Alabama, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The agency has filed a petition for review of the initial decision that reversed the appellant's indefinite suspension based on the suspension of his access to classified information pending final adjudication of his security clearance. For the reasons set forth below, we GRANT the petition for review and REVERSE the initial decision. The appellant's indefinite suspension is SUSTAINED.

BACKGROUND

¶2   The appellant is an NH-1515-III Operations Research Analyst for the agency.  Initial Appeal File (IAF), Tab 4 at 27.  Operations Research Analyst is a noncritical sensitive position that requires the incumbent to maintain a secret security clearance.  *Id.* at 49-50.  On August 13, 2013, the agency suspended the appellant's access to classified information pending a final security determination by the Department of Defense (DOD) Central Adjudication Facility (CAF) concerning whether to revoke his security clearance.[1]  *Id.* at 45-47.  That same day, the agency proposed the appellant's indefinite suspension based on the suspension of his access to classified information.  *Id.* at 41-44.  After receiving the appellant's response, *id.* at 36-40, the agency indefinitely suspended him effective October 10, 2013, *id.* at 27-30.

¶3   The appellant filed a Board appeal, and the administrative judge reversed the indefinite suspension, finding that the agency committed harmful procedural error.[2]  IAF, Tab 19, Initial Decision (ID).  Specifically, he found that the agency

---

[1] Under DOD regulations, the term "security clearance" refers to a determination that a person is eligible for access to classified information.  IAF, Tab 4 at 89-90 (DOD 5200.2-R § DL1.1.21).  The issuance of a security clearance is distinct from the determination to grant access to classified information, which is made solely on the basis of the individual's need for classified information in order to perform official duties.  *Id.* at 87 (DOD 5200.2-R § C7.1.1.1); *see id.* at 89 (DOD 5200.2-R § C7.1.1.17) (stating that "[a]ccess . . . to classified information shall not be afforded to any individual solely by virtue of the individual's . . . security clearance").  Although clearance determinations are within the purview of an authorized adjudicatory entity, e.g., the CAF, access to classified information is granted by command to cleared individuals on a need-to-know basis.  *See King v. Alston*, 75 F.3d 657, 659 (Fed. Cir. 1996); *Jones v. Department of the Navy*, 120 M.S.P.R. 607, ¶ 2 n.1 (2014); 32 C.F.R. §§ 154.48, 154.49.

[2] The appellant did not request a hearing, and the case was decided on the basis of the written record.  IAF, Tab 12 at 1.

violated its regulations when it indefinitely suspended the appellant before affording him its unfavorable administrative action procedures.[3] ID at 4-5.

¶4        The agency has filed a petition for review. Petition for Review (PFR) File, Tab 1. It argues that the administrative judge erred in interpreting its regulations. According to the agency, it was not required to afford the appellant the unfavorable administrative action procedures because they do not apply to adverse actions based on the suspension of access to classified information pending final adjudication of a security clearance. *Id.* at 7-16. Although the appellant inquired into the status of his appeal, he did not file a substantive response. PFR File, Tab 3.

## ANALYSIS

¶5        An indefinite suspension lasting more than 14 days is an adverse action appealable to the Board under 5 U.S.C. § 7513 (d). 5 U.S.C. § 7512 (2). An agency may indefinitely suspend an employee when his access to classified information has been suspended and he needs such access to perform his job. *Gonzalez v. Department of Homeland Security*, 114 M.S.P.R. 318, ¶ 13 (2010) (listing this type of situation among the limited circumstances in which the Board and its reviewing court have permitted the use of indefinite suspensions). The Board lacks authority to review the merits of the decision to suspend access. *Jones v. Department of the Navy*, 48 M.S.P.R. 680, 690 (finding that the Board lacks authority to review the merits of an agency's suspension of security access in an indefinite suspension appeal), *aff'd as modified on recons.*, 51 M.S.P.R. 607 (1991), *aff'd*, 978 F.2d 1223 (Fed. Cir. 1992). Rather, in an appeal of an adverse action based on the denial, revocation, or suspension of a security clearance, the Board will generally only review whether: (1) the employee's position required a security clearance; (2) the clearance was denied, revoked, or

---

[3] These procedures are described below. *Infra* ¶ 8 n.4.

suspended; and (3) the employee was provided with the procedural protections specified in 5 U.S.C. § 7313. *Hesse v. Department of State*, 217 F.3d 1372, 1376 (Fed. Cir. 2000) (citing *Department of the Navy v. Egan*, 484 U.S. 518, 530-31 (1988)).

¶6        The appellant does not dispute the administrative judge's findings that his position required access to classified information and that his access was suspended. ID at 2; *see* IAF, Tab 4 at 51. We adopt those findings herein and find that the agency proved its charge. *See Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶ 23 (2014). Further, there is no dispute that the agency provided the procedural protections required by section 7513 prior to indefinitely suspending him.

¶7        Section 7513, however, is not the only source of procedural protections for employees subject to adverse actions; the Board also has the authority under 5 U.S.C. § 7701 (c)(2)(A) to review whether an agency taking an adverse action complied with required procedural protections for security clearance determinations, including those set forth in its own regulations. *Romero v. Department of Defense*, 527 F.3d 1324, 1329-30 (Fed. Cir. 2008); *Schnedar v. Department of the Air Force*, 120 M.S.P.R. 516, ¶¶ 7-8 (2014). Thus, under 5 U.S.C. § 7701 (c)(2)(A), the Board will not sustain an agency decision if the appellant proves the affirmative defense of harmful error in the agency's application of its procedures in arriving at such decision. *Schnedar*, 120 M.S.P.R. 516, ¶ 8. To prove this affirmative defense, the appellant must show both that the agency committed procedural error and that the error was harmful. *Parker v. Defense Logistics Agency*, 1 M.S.P.R. 505, 513 (1980). An agency error is harmful only where the record shows that it was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991).

¶8        We begin by analyzing the agency's procedures set forth in DOD regulation 5200.2-R.  Section C8.2.2 of DOD 5200.2-R provides, with exceptions not applicable here, that the agency may not take an "unfavorable administrative action" based on a "personnel security determination" without affording the subject employee "unfavorable administrative action procedures."[4]  IAF, Tab 4 at 72, 154 (DOD 5200.2-R § C8.2.2); *see id.* at 87, 91 (DOD 5200.2-R §§ DL1.1.2, DL1.1.29-.30).  It is undisputed that the appellant was not afforded unfavorable administrative action procedures prior to the suspension of his access to classified information by local command.  IAF, Tab 4 at 46; *see* PFR File, Tab 1 at 8-9.  The administrative judge determined that this constituted harmful procedural error.  We disagree.

¶9        The agency's regulations define an "unfavorable administrative action" as an "[a]dverse action taken as the result of personnel security determinations and unfavorable personnel security determinations as defined in this Regulation." IAF, Tab 4 at 91 (DOD 5200.2-R § DL1.1.29).  Adverse actions covered by the regulation include those appealable to the Board under chapter 75 of title 5, including a suspension of more than 14 days.  5 U.S.C. §§ 7512(1)-(5), 7513(d); IAF, Tab 4 at 87, 91 (DOD 5200.2-R §§ DL1.1.2, DL1.1.29).  Only if the indefinite suspension in this case was "taken as a result of [an] unfavorable personnel security determination[]," however, would it constitute an "unfavorable administrative action" under the agency's regulations.

¶10       As stated above, the indefinite suspension in this case was taken as a result of the interim suspension of access pending final adjudication of the appellant's security clearance.  Suspension of access to classified information is not the same

---

[4] "Unfavorable administrative action procedures" include written notice of the reasons for the action, an opportunity to respond to the appropriate CAF, a decision by the CAF, an opportunity to appeal that decision to the Personnel Security Appeals Board (PSAB), and a final decision by the PSAB.  *Schnedar*, 120 M.S.P.R. 516, ¶ 10 (interpreting the regulatory provisions); IAF, Tab 4 at 154-56 (DOD 5200.2-R §§ C8.2.2.1-C8.2.2.5).

as a suspension for eligibility pending final adjudication of a security clearance. We therefore turn to the question of whether a suspension of access pending final adjudication of a security clearance constitutes an "unfavorable personnel security determination" under the agency's regulations.

¶11     An "unfavorable personnel security determination" includes both "[a] denial or revocation of clearance for access to classified information" and a "denial or revocation of access to classified information."  IAF, Tab 4 at 91 (DOD 5200.2-R § DL.1.1.30).  As the agency correctly notes, however, a "suspension" of access to classified information pending final adjudication of a security clearance is not included in the definition of "unfavorable personnel security determination."  PFR File, Tab 01 at 10 n.2; IAF, Tab 4 at 91 (DOD 5200.2-R § DL.1.1.30); *see id.* at 148 (DOD 5200.2-R § DL.1.1.1) (stating that "*[e]xcept for suspension of access pending final adjudication of a security clearance*, access may not be finally denied for cause without applying" unfavorable administrative action procedures) (emphasis added).

¶12     Furthermore, section C8.1.3 of DOD 5200.2-R sets forth separate procedures for access suspensions pending final adjudication of security clearances.  IAF, Tab 4 at 152-53 (DOD 5200.2-R § C8.1.3).  Thus, section C8.1.3.1 provides that, upon the receipt of derogatory information, local command must determine whether to take interim action to suspend an employee's access to classified information.  *Id.*  Local command must report such access suspensions promptly to the CAF, which will make a final determination on the employee's security clearance.  *Id.* at 152-53 (DOD 5200.2-R §§ C8.1.3.3, C8.1.3.5).  The access suspension decision itself is not subject to CAF review.  *See* IAF, Tab 4 at 148 (DOD 5200.2-R, § C7.1.1.1).  Rather, the CAF undertakes a separate review of whether to revoke the employee's security clearance, i.e., his eligibility for access to classified information.  *Id.* at 148 (DOD 5200.2-R § C7.1.1.1), 151-53 (DOD 5200.2-R §§ C.8.1.2.1, C8.1.3.5).  Although the CAF may not make a final determination

on an employee's security clearance without first applying unfavorable administrative action procedures, no similar restriction appears in the agency's regulations concerning local command's determination to take interim action to suspend access.[5]

¶13     Based on the foregoing, we conclude that a suspension of access pending final adjudication of a security clearance is not an "unfavorable personnel security determination" under the agency's regulations. It follows that the adverse action in this case—an indefinite suspension—was not "taken as the result of [an] unfavorable personnel security determination[]." IAF, Tab 4 at 91 (DOD 5200.2-R § DL1.1.29). Therefore, the indefinite suspension was not an "unfavorable administrative action" under DOD 5200.2-R, sections DL1.1.2 and DL1.1.29, and the agency's unfavorable administrative action procedures did not apply. Accordingly, the appellant failed to establish that the agency committed harmful procedural error by failing to afford him such procedures prior to suspending his access pending final adjudication of his security clearance. *See Hylick v. Department of the Air Force*, 85 M.S.P.R. 145, ¶ 13 (2000) (the appellant failed to show that the agency committed any procedural error, and therefore failed to prove his harmful error defense).

¶14     The appellant does not dispute the agency's penalty determination, and we find no basis to mitigate the penalty. *See Ryan v. Department of Homeland Security*, 793 F.3d 1368 (Fed. Cir. 2015) (finding that, in the absence of a statute or regulation creating a substantive right to reassignment, the Board is precluded

---

[5] We are not presented in this case with the circumstances before the Board in *Ulep v. Department of the Army*, 120 M.S.P.R. 579 (2014). In *Ulep*, the agency's proposal notice stated that the appellant's indefinite suspension was based on local command's informal suspension of his security clearance, not interim suspension of his access to classified information. *Id.*, ¶ 2. Here, by contrast, local command suspended the appellant's access to classified information, not his clearance.

from requiring the agency to transfer the appellant to a position not requiring a security clearance).

¶15     For these reasons, we reverse the initial decision and sustain the indefinite suspension.

## ORDER

¶16     This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional          information          is          available          at          the          court's          website,

www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board
Washington, D.C.